UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-14089-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM DALE YOUNG,

    Defendant.
_____/

FILED by _____ D.C.

NOV 30 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

**REPORT AND RECOMMENDATION ON DEFENDANT'S PRO SE MOTION
TO ALTER CONDITIONS OF SUPERVISED RELEASE [D.E. #76]**

**THIS CAUSE** having come on to be heard for a hearing on the aforementioned motion filed by the Defendant, and this Court having conducted a hearing on November 30, 2010 at which time counsel for the government, U. S. Probation Officer Salamanca, and the Defendant were present, and this Court makes the following recommendations to the District Court:

    1.    The Defendant's pro se motion requests alteration or amendment of conditions of supervised release relating to his travel. Presently, his travel is restricted to the Southern District of Florida. The Defendant's motion indicates he has a Class A CDL license and wanted to take a job with a company called Zeiger Crane.

    2.    The Defendant's motion asserts that most of the time he would be delivering cranes between Fort Pierce and Miami. The motion goes on to indicate that "occasionally there are deliveries outside the South East District", which this Court assumes to be southeast Florida. The Defendant's motion specifically mentions one job in Louisiana and one job in Georgia.

    3.    In summary, the Defendant requested that he be permitted to take this employment which would provide benefits to him as well such as health insurance.

4. The government's response reflects that USPO Salamanca had contact with the Operation Manager for Zeiger Crane. Ms. Salamanca stated at the hearing that she spoke with a Mr. Roberts of Zeiger. Mr. Roberts is the supervisor. Mr. Roberts told Ms. Salamanca that Zeiger travels and does business throughout the southeast United States including South Carolina, Tennessee, Mississippi, Louisiana, Georgia, and Florida. Mr. Roberts told Ms. Salamanca that Zeiger cannot give any advance notice of when an employee would be leaving the District and/or State of Florida for deliveries. Further, Mr. Roberts stated that when there are out of state deliveries, an employee could be gone a week, two weeks, or even longer.

5. The Court questioned the Defendant and he was not aware of this. He was told that there would be only occasional trips outside of the State of Florida. However, the Defendant did admit that when such trips are made, the employees of Zeiger stay at the delivery site for a period of time to help erect/construct the crane. The Defendant did state on the record that the information given by the supervisor to Ms. Salamanca is different from what the dispatcher had given to him. When asked by the Court if the Defendant had ever spoken with the supervisor, Mr. Roberts, the Defendant stated that he did not know the supervisor.

6. This Court pointed out to the Defendant that it certainly would like to do whatever is possible to assist the Defendant in securing this employment. However, the Court cannot allow extensive travel outside of the District without advance notice, as has been relayed by the Zeiger supervisor to Ms. Salamanca. The Defendant stated on the record that he understood exactly the Court's position and understands why the Court would have to deny his request.

7.  This Court encouraged the Defendant to keep looking for positions and try to work out something with Ms. Salamanca where there could be some employment which would be able to be done within his present conditions of supervised release. The Court asked the Defendant if he believed Zeiger would hire him if his travel was restricted to the Southern District of Florida and/or the Middle District of Florida. The Defendant stated that he did not think that they would hire him under those restrictions.

8.  Therefore, the Court advised the Defendant that it would recommend to the District Court that the motion be denied.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's pro se Motion To Alter Conditions of Supervised Release [D.E. #76] be **DENIED** as it presently is stated.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 30th day of November, 2010, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
AUSA Diana M. Acosta
USPO Urania Salamanca

William Young, pro se
8745 102nd Avenue
Vero Beach, FL 32967